UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH HARTSOCK, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA DEPT OF CORR, et al., <br><br> Defendants. | CAUSE NO. 3:22-CV-63-JD-MGG |

OPINION AND ORDER

Joseph Hartsock, a prisoner without a lawyer, filed a motion asking to reconsider the screening order. ECF 29. Hartsock argues the court should have liberally construed his complaint to include retaliation claims against Correctional Officers Margarita Velazquez and Nash for the denial of due process rights during disciplinary hearings and re-hearings. *Id*. at ¶¶ 6 and 8. The 275 paragraph, typed complaint very clearly set forth its claims in twenty-two counts.[1] Each unambiguously specified the basis of the claim. Hartsock alleged retaliation in twelve counts: One, Three, Four, First Six, Second Six, Second Seven, Eight, Nine, Eleven, Twelve, Thirteen, and Fourteen. However, in Counts Fifteen, Sixteen, and Seventeen (where he presents the claims against Officers Velazquez and Nash) he alleged only "Fourteenth Amendment Due Process violations." Given the sophistication and specificity with which the counts were presented, imputing a retaliation claim where it was not mentioned would have gone

---

[1] The counts in the complaint are numbered one to twenty, but there are two Counts Six and two Counts Seven. ECF 1 at ¶¶ 195-206.

well beyond liberal construction. The court did not err in not considering retaliation claims against Velazquez and Nash.

Hartsock argues he should be able to proceed against Aaron Jordan, a fellow inmate, whom allegedly conspired with various prison officials. ECF 29 at ¶ 10. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference "that the deprivation committed by the private actor is 'fairly attributable to the state.'" *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss." *Id.* (quoting *Fries*, 146 F.3d at 458).

Hartsock named Inmate Jordan in ten counts: One, Three, Four, Five, Second Six, Second Seven, Eight, Ten, Eleven, and Twelve. Of those, Hartsock was not granted leave to proceed on Counts Three, Five, Ten, Eleven, or Twelve because he had not stated a claim for reasons unrelated to whether Inmate Jordan was involved. In each of the other five claims, Hartsock alleges he was retaliated against in various ways by

2

prison officials. In each case, it was the prison official who is alleged to have acted against Hartsock. Even if Inmate Jordan was motivated to retaliate against Hartsock, he cannot be considered a State actor because he was not an *actor* who caused Hartsock to suffer a deprivation.

In Count One, Hartsock was granted leave to proceed against Director Stinson "for retaliating against him in violation of the First Amendment on May 3, 2021, by telling more than 100 other inmates they could no longer volunteer to work for hospice if they had already completed the 320 community service hours required for the PLUS program because Hartsock had requested more shifts, raised complaints about shifts, threatened legal action, and requested a religious exemption . . .." ECF 22 at 18. Director Stinson is the *actor* who is alleged to have retaliated by speaking to the group of inmates. Inmate Jordan was not the *actor* who allegedly caused the deprivation.

In Count Four, Hartsock was granted leave to proceed against Correctional Officer Jennifer Christian-Tague "for retaliating against him in violation of the First Amendment by filing conduct report WCC-21-05-90 which fraudulently asserted she found a crochet hook in his property box on May 5, 2021, because he complained about how the PLUS and hospice programs were being run . . .." ECF 22 at 18. Officer Christian-Tague is the *actor* who is alleged to have retaliated by filing the conduct report. Inmate Jordan was not the *actor* who allegedly caused the deprivation.

3

In Second Count Six[2] and the functionally equivalent Count Eight, Hartsock was granted leave to proceed against Director Stinson and Assistant Deputy Warden Kenneth Watts "for retaliating against him in violation of the First Amendment by removing him from the hospice and PLUS programs on May 3, 2021, because he requested more shifts, raised complaints about shifts, threatened legal action, and requested a religious exemption . . .." ECF 22 at 18. Hartsock alleges Inmate Jordan said, "We'll get you out of here soon." ECF 1 at ¶ 64. However, it was Director Stinson and/or Warden Watts who are the *actors* who are alleged to have retaliated by removing Hartsock. Inmate Jordan was not the *actor* who removed him. Hartsock alleges Inmate Jordan asked for money in return for assigning him to hospice six days a week. He alleges Inmate Jordan certified twenty-one hospice workers. Jordan's alleged actions and statements did not remove Hartsock from the programs.

In Second Count Seven,[3] Hartsock was granted leave to proceed against Director Stinson "for retaliating against him in violation of the First Amendment by prohibiting him from wearing his hat and prescription eyeglasses to accommodate his physical disability on May 3, 2021, because he requested more shifts, raised complaints about Director Stinson is the *actor* who is alleged to have retaliated by refusing to accommodate Hartsock's disability. Inmate Jordan was not the *actor* who allegedly caused the deprivation.

---

[2] ECF 1 at ¶¶ 199-202.

[3] ECF 1 at ¶¶ 203-206.

Hartsock next argues he should be allowed to proceed against Officer Christian-Tague, Assistant Deputy Warden Watts, and Director Stinson on conspiracy claims. ECF 29 at 10-11. However, he is already proceeding on claims against these three defendants based on their alleged individual actions and he does not explain how adding the word conspiracy to those claims would substantively change anything.

Hartsock argues he should be allowed to proceed against PLUS Program Director Chaplin Bryan Whittinghill for retaliating against him by not re-admitting him to the PLUS Program. ECF 29 at ¶ 12. This claim was asserted against Chaplin Whittinghill and twelve other defendants in Count Twelve. This is how the court explained why Hartsock could not proceed on this claim:

> Hartsock does not say when he re-applied, when he was rejected, or by whom. He alleges he was told the admission decisions are made a person named Gann. *Id*. at ¶ 150. He did not sue Gann nor plausibly allege how any of the named defendants were involved in preventing him from rejoining the PLUS program. "[M]ere suspicion [is] not enough." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

ECF 22 at 12. The court did not err in dismissing Count Twelve.

Hartsock argues he should be allowed to proceed on a Fourteenth Amendment Substantive Due Process claim based on a State Created Danger. ECF 29 at 13-16. He asserts there is a constitutional obligation to protect inmates from State created dangers. The court did not (and does not) disagree. Rather, it explained that obligation arises under the Eighth Amendment, not the Fourteenth. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (Where a constitutional amendment "provides an explicit textual source of constitutional protection against . . . governmental conduct, that Amendment, not the

5

more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."). The court then analyzed Count Ten under the Eighth Amendment standard and found it did not state a claim.

For these reasons, the court DENIES the Motion to Reconsider (ECF 29).

SO ORDERED on April 22, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT